IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**ANGELA C.[1],**

    **Plaintiff,**

v.

**COMMISSIONER OF
SOCIAL SECURITY,**

    **Defendant.**

Civil Action 3:24-cv-00072
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Plaintiff, Angela C., brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for social security disability insurance benefits and supplemental security income. This matter is before the Court for disposition based upon Plaintiff's Statement of Errors (ECF No. 9), the Commissioner's Memorandum in Opposition (ECF No. 11), Plaintiff's Reply (ECF No. 12), and the administrative record (ECF No. 8). This matter is before the Undersigned Magistrate Judge upon the unanimous consent of the parties under 28 U.S.C. § 636(c). For the following reasons, the Court **REVERSES** and **REMANDS** this action to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings.

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

I. BACKGROUND

Plaintiff protectively filed her applications for DIB and SSI on February 10, 2022, alleging that she has been disabled since December 24, 2021, due to kidney disease, Crohn's disease, back problems, high blood pressure, and anxiety disorder. (R. at 179-84, 197.) Plaintiff's applications were denied initially in May 2022 and upon reconsideration in September 2022. (R. at 62-95, 105-23.) Plaintiff sought a *de novo* hearing before an administrative law judge. (R. at 124-45.) Plaintiff, who was represented by counsel, appeared and testified at a hearing held on February 21, 2023. (R. at 38-61.) A vocational expert ("VE") also appeared and testified. (*Id.*) On April 21, 2023, Administrative Law Judge Gregory Kenyon (the "ALJ") issued a decision, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 14-37.) The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. at 1-6.) This matter is properly before this Court for review.

II. RELEVANT RECORD EVIDENCE

The Court has thoroughly reviewed the transcript in this matter, including Plaintiff's medical records, function and disability reports, and hearing testimony as to Plaintiff's conditions and resulting limitations. Given the claimed error raised by Plaintiff, rather than summarizing that information here, the Court will refer and cite to it as necessary in the discussion of the parties' arguments below.

III. ADMINISTRATIVE DECISION

On April 21, 2023, the ALJ issued his decision. (R. at 14-37.) The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 21, 2026. (R. at 19.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 24, 2021, the alleged onset date. (*Id.*) The ALJ found that Plaintiff has the severe impairments of Crohn's disease, stage III chronic kidney disease, lumbosacral degenerative disc disease, and migraine headaches. (R. at 20.) The ALJ further found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 22.)

Before proceeding to Step Four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the [ALJ] finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) subject to the following limitations: (1) occasional crouching, crawling, kneeling, stooping and climbing of ramp and stairs; (2) no

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

climbing of ladders, ropes, and scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; and (4) no driving of automotive equipment.

(R. at 23-24.)

At step four of the sequential process, the ALJ determined that Plaintiff is unable to perform her past relevant work as a janitor. (R. at 31.) The ALJ determined at step five of the sequential process that Plaintiff would be able to perform the requirements of representative occupations such as housekeeping cleaning, folder or inspector. (R. at 32.) He therefore concluded that Plaintiff has not been disabled since December 24, 2021. (*Id.*)

## IV.  STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).  Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices the claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

V. ANALYSIS

Plaintiff raises a single issue in her Statement of Errors: the ALJ failed to adequately evaluate Plaintiff's pain and symptoms relating to her Crohn's disease pursuant to 20 C.F.R. § 404.1529. (ECF No. 9 at 8-17.)  According to Plaintiff, the ALJ relied on boilerplate statements which are insufficient to provide the required analysis.  Further, Plaintiff asserts that the ALJ's review of the record was limited solely to the medical evidence.  These matters aside, Plaintiff contends that the also ALJ erred in his factual review of the record.  That is, Plaintiff argues that the ALJ mischaracterized the record to support his credibility determination and, as a result, that determination is not supported by substantial evidence.  Thus, as Plaintiff explains, she challenges both the ALJ's factual findings and whether the ALJ correctly applied the facts in the record to the requirements of 20 C.F.R. § 404.1529.  As to this second point, in Plaintiff's view, even if the objective evidence supports the ALJ's factual findings, the regulations require the

5

ALJ to consider additional factors and his failure to do so here requires remand.

When a plaintiff alleges symptoms of disabling severity, the ALJ must follow a two-step process for evaluating those symptoms.  *See* 20 C.F.R. § 404.1529; Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, *2-3 (October 25, 2017).  First, the ALJ must determine whether the individual has a medically determinable physical or mental impairment that can reasonably be expected to produce the symptoms alleged; second, the ALJ must evaluate the intensity, persistence, and functional limitations of those symptoms by considering objective medical evidence and other evidence according to seven factors.  Relevant here, those factors include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. *See also* 20 C.F.R. § 404.1529(c)(3).

While the ALJ is not required to analyze all seven factors, he must still show that he considered the relevant evidence. *Roach v. Comm'r of Soc. Sec.*, No. 1:20-CV-01853-JDG, 2021 WL 4553128, at *10–11 (N.D. Ohio Oct. 5, 2021). Indeed, the ALJ's assessment of an individual's subjective complaints and limitations must be supported by substantial evidence and be based on a consideration of the entire record. *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 247 (6th Cir. 2007) (internal quotation omitted). Finally, the ALJ's explanation of his decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* at 248.

Here, the ALJ discussed Plaintiff's subjective complaints and hearing testimony as follows:

> In her application for benefits, [Plaintiff] alleged disability on the basis of kidney disease, high blood pressure, Crohn's disease, and back problems (Exhibit 1E/2). On her reconsideration appeal, [Plaintiff] reported experiencing severe pain due to Crohn's disease with vomiting and weakness, and she stated she was barely able to stand (Exhibit 6E/2, 4). She was also experiencing leg numbness (Exhibit 6E/2). She reported that her adrenal gland had doubled in size (Exhibit 6E/2). [Plaintiff] testified that she stopped working because her Chron's disease resulted in extreme pain in the abdomen and bowel area that sometimes prevented her from functioning. She noted that she was no longer having the pain because of her surgery. Before the surgery, she had to go to the emergency room three times in December, and the flares do not go away. She described her pain as stabbing and debilitating, and it was rated 10/10 all of the time. She noted nausea and vomiting daily for at least a few months, and she had trouble eating as a result. She did not have diarrhea, but she had issues with constipation, which resulted in a small bowel obstruction. She stated she thought she was going in for a laparoscopic small bowel surgery, which was unsuccessful, and she had an open abdominal surgery resulting in an ostomy bag. As of right now, the ostomy is temporary with estimated use for three months. [Plaintiff] noted that she had lost about fifteen pounds in approximately three weeks since the surgery. She stated that she has to go to the restroom frequently for at least twenty minutes to empty the ostomy bag, which had complications such as leaks.

>She noted that she was allergic to adhesive tape that caused a bad burn, and she was barely able to leave the house due to anxiety related to the bag. Past use of Humira helped at the beginning, but she was taken off of it after it quit working. [Plaintiff] testified that she had stage 3 kidney disease. Kidney stones were recently discovered, and she has not passed them yet. She indicated that there was some pain associated with it. She did not have difficulty with urination, including urinary retention or frequency. She was on medication for migraine headaches, which she had been having since she was a teenager. She currently had about two to three migraines per week. She stated she had trouble with bright lights. She noted that Chron's may also be a trigger. Migraines typically lasted at least twenty-four hours. She took medication as soon as she felt one coming one. [Plaintiff] noted arthritis in the lumbar spine with L4-L5 degenerative disc disease, which was an achy pain. She reported that the pain was rated 8/10. She noted that she had an injection in February 2022 but had no other treatment. She indicated that her back pain prevented her from working at a seated position. [Plaintiff] noted that she used to enjoy planting flowers and gardening, but she was no longer able to do so. She stated she can no longer do laundry or dishes because she cannot stand more than ten minutes before sitting.
>(R. at 24-25.)

The ALJ then reviewed the medical record evidence relating to Plaintiff's "longstanding history of Crohn's [] disease" over several paragraphs. (R. at 25-27.)   Some of his discussion addressed Plaintiff's condition and treatment prior to her onset date. (R. at 25-26.)  With respect to the time period under review, the ALJ noted the following:   in April 2022, Plaintiff received a "superior hypogastric plexus block for left-sided abdominal and pelvic pain" (R. at 26 citing R. at 569); she suffered a flare in June 2022; (*Id.* citing R. at 362-560); in June 2022, Plaintiff reported to her primary care doctor that Humira was not helping, and that she was having at least one flare a month (*Id.* citing R. at 369); an abdominal and pelvic CT scan from June 2022 showed a short segment of wall thickening in the distal ileum with mild adjacent mesenteric fat stranding suggestive of nonspecific infectious/inflammatory enteritis (*Id*. citing R. at 543); and, at Plaintiff's September 2022 gastroenterology appointment, she reported that she had no

8

improvement on Humira after about nine months, and reported severe, diffuse pain on a daily basis. (*Id.* citing R. at 621.)

The ALJ further discussed that

In November 2022, the claimant reported to the emergency room with complaints of right lower quadrant abdominal pain for approximately two weeks (Exhibit 8F/73). Her abdominal and pelvic CT showed findings consistent with ileitis that likely represented active Crohn's disease, and upstream small bowel dilation may represent partial small bowel obstruction versus ileus while caliber changes of the terminal ileum may reflect peristalsis, though a stricture could not be excluded (Exhibit 8F/64). She had diverticulosis, mild fecal stasis, and trace free flid in the pelvis (Exhibit 8F/64). There was bilateral renal cortical scarring and nonobstructing right nephrolithiasis (Exhibit 8F/64). November 2022 gastroenterology notes reflect that her Humira failed and was recently discontinued, and she reported significant abdominal pain and difficulty with bowel movements (Exhibit 6F/2). She did not show for her previously scheduled colonoscopy due to the severity of the symptoms and the lack of effectiveness of the prep (Exhibit 6F/2). On examination, the abdomen was diffusely tender to palpation with guarding but no rebound tenderness (Exhibit 6F/3). In December 2022, the claimant reported to the emergency room with complaints of a one-week history of Chron's exacerbation with increased pain in the right lower quadrant (Exhibit 8F/36). She denied nausea, vomiting, or diarrhea (Exhibit 8F/36). She stated she was supposed to have surgery for a bowel obstruction next month (Exhibit 8F/36). Her symptoms were considered moderate (Exhibit 8F/36). Her abdominal and pelvic CT showed multiple thickening and inflammatory changes involving the terminal ileum consistent with active Crohn's disease, and there was a mild amount of reactive lymphadenopathy in the adjacent mesentery (Exhibit 8F/32). … About ten days later, the claimant returned to the emergency room with complaints of abdominal pain (Exhibit 8F/2). She indicated that she had called her surgeon multiple times, but they have been unable to schedule her surgery yet (Exhibit 8F/16). Her abdominal and pelvic CT showed persistent distal ileitis with Crohn's disease favored, a small amount of free fluid in the pelvis that was probably reactive, and persistent mildly enlarged right lower quadrant mesenteric lymph nodes that were probably reactive (Exhibit 8F/11).

(R. at 26-27.)

Finally, the ALJ noted that, in February 2023, Plaintiff underwent a partial colectomy with an ileostomy and ileostomy bag and that records reflect that Plaintiff's surgery involved removal of the terminal ileum and ileal colostomy (R. at 27 citing R. at 844).

The ALJ had several takeaways from his review of the medical records. With respect to Plaintiff's report to her gastroenterologist that she had no improvement on Humira after nine months and reported severe, diffuse pain on a daily basis, the ALJ concluded that such a report is not supported by other treatment notes or her testimony. (R. at 26.) Ultimately, the ALJ found that, "prior to her recent bowel obstruction and related surgery, [Plaintiff] had relatively good control over her Chron's (sic) with her medication since the alleged onset date." (R. at 27.) These conclusions are unreasonable based on the ALJ's own discussion of the medical evidence. First, any conclusion that Plaintiff's reports to her gastroenterologist of daily severe pain is inconsistent with Plaintiff's testimony is inexplicable. As the ALJ discussed, Plaintiff testified that, prior to her surgery, her Crohn's pain was stabbing and debilitating, and it was rated 10/10 all of the time. Further, the ALJ's conclusion that Plaintiff "had relatively good control" over her Crohn's with medication is wholly inconsistent with his discussion that she had no improvement on Humira after nine months. Further, it notably disregards Plaintiff's need for a hypogastric plexus block in April 2022. Because the ALJ's summary conclusions are not supported by substantial evidence, remand is required.

Additionally, SSR 16-3p requires an ALJ to consider a claimant's daily activities when evaluating the severity of his symptoms. SSR 16-3p at *7. Here, however, the ALJ did not cite examples of Plaintiff's reported daily activities to support the conclusion that Plaintiff's Crohn's

symptoms were not consistent with other evidence in the record. To be sure, the ALJ briefly acknowledged Plaintiff's reported daily activities and limitations. But he did so only in the summary of Plaintiff's hearing testimony and subjective complaints. Thus, in evaluating the Plaintiff's symptom severity, the ALJ ignored Plaintiff's statements that she no longer was able to garden or do laundry or dishes because she cannot stand more than ten minutes. The ALJ's failure to acknowledge evidence supporting Plaintiff's subjective complaints, combined with his mischaracterization of the evidence he did cite, resulted in an impermissibly subjective review of the record. *Gentry v. Comm'r of Soc. Sec.,* 741 F.3d 708, 723 (6th Cir. 2014). This requires remand.

## VI. CONCLUSION

Based on the foregoing, Plaintiff's Statement of Errors (ECF No. 9) is **SUSTAINED.** The decision of the Commissioner is therefore **REVERSED** and this action is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this case pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

**Date: January 30, 2025**     *s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**